UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

COREY BLOCKER,

        Plaintiff,

v.

SCOTT WRIGGELSWORTH et al.,

        Defendants.
_____/

Case No. 1:24-cv-137

Honorable Jane M. Beckering

## **OPINION**

This is a civil rights action pursuant to 42 U.S.C. § 1983 brought by an individual confined in a county jail. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will also deny Plaintiff's motion to amend (ECF No. 4).

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated at the Ingham County Jail in Mason, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Sheriff Scott Wriggelsworth and the Ingham County Sheriff's Office.

Public records indicate that Plaintiff is currently detained pending a charge of malicious destruction of property. *See* https://jail.ingham.org/ (under "Search Inmates," "By Name," enter last name "Blocker," first name "Corey," complete the reCAPTCHA, select "Search") (last visited Feb. 27, 2024). Plaintiff's complaint is a one-page, handwritten document, and is not a model of clarity. Plaintiff suggests that he has been detained since November 18, 2023, and that he was held pursuant to a "bogus warrant for child support" until December 22, 2023.[1] (Compl., ECF No. 1, PageID.1.) Plaintiff contends that Defendants have illegally held him "in this jail ever[] since without legal authority to do so from Congress." (*Id.*) Plaintiff argues that "unless a crime has been proven, a person cannot be incarcerated." (*Id.*) He suggests that his detention violates his Fourteenth Amendment due process rights. (*Id.*) Plaintiff states that he will be charging Defendants "a billion dollars per day," and that he is seeking $60,000,000,000.00 to be paid immediately. (*Id.*)

II.  **Motion to Amend**

As noted above, Plaintiff has filed a motion to amend his complaint in this case. (ECF No. 4.) With respect to amendments, although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013) (discussing that a court need not permit a plaintiff to amend his complaint before dismissing

---

[1] The Court has been unable to locate any public records suggesting that Plaintiff was recently incarcerated pursuant to a warrant for outstanding child support.

under the PLRA). Leave to amend should be denied if the amendment would be futile. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, leave to amend may be denied if the amendment would result in the improper joinder of parties or claims. *Cf.* Fed. R. Civ. P. 21 (setting forth that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party"). For the reasons set forth below, the Court concludes that permitting Plaintiff to amend his complaint would result in the misjoinder of claims and Defendants in this action.

Plaintiff indicates that he wishes to amend his complaint to name United States District Judge Robert Jonker as a Defendant. (ECF No. 4, PageID.6.) Plaintiff avers that Judge Jonker is the only person who "has the power to singlehandedly" have state judges violate Plaintiff's right to due process. (*Id.*) Plaintiff also suggests that Judge Jonker has retaliated against Plaintiff due to Plaintiff's prior lawsuit against Judge Jonker. (*Id.*) According to Plaintiff, Judge Jonker orchestrated Plaintiff's eviction from his residence. (*Id.*)

Overall, it appears that Plaintiff is upset that Judge Jonker was the author of an order imposing the restricted filer status on Plaintiff. *See* Ord., *Blocker v. State of Michigan*, No. 1:21-cv-557 (W.D. Mich.) (ECF No. 5). In that order, Judge Jonker determined that Plaintiff's "repeated filing of repetitive and frivolous actions in this Court demonstrates the need for pre-filing screening of any new cases filed by [Plaintiff]." *Id.* Judge Jonker placed Plaintiff on restricted filing status and noted that he could only proceed *in forma pauperis* in any future filing if a judicial officer determined that the complaint survived screening under 28 U.S.C. § 1915(e)(2). *Id.*

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action

3

as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as would be the case with Plaintiff's proposed amendment, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless *one* claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (emphasis added) (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . .

4

are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting improper joinder of parties or claims in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)....
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three-strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (declining to allow "litigious prisoners to immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits"); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001)

(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).

Here, Plaintiff's original complaint relates to his current incarceration at the ICJ by Defendants Wriggelsworth and the Ingham County Sheriff's Office. As set forth above, Plaintiff believes that he is being wrongfully detained. In his motion to amend, Plaintiff asserts issues with Judge Jonker, whom he suggests is to blame for all sorts of wrongs that Plaintiff has experienced. The only connection between the two appears to be Plaintiff's vague assertion that Judge Jonker has the power to singlehandedly cause violations of Plaintiff's due process rights by state court judges.

Plaintiff, however, cannot manufacture proper joinder out of conclusory allegations of conspiracy. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565–66 (2007) (recognizing that allegations

of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a possible one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Here, Plaintiff's allegations of any conspiracy between Defendants and Judge Jonker are conclusory and speculative. Such allegations, therefore, cannot provide a link between his claims against Defendants and his purported claims against Judge Jonker.

Granting Plaintiff leave to amend would allow Plaintiff to circumvent the PLRA's filing fee restrictions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of the proposed additional claims turn out to be frivolous. The Court, therefore, is obligated to reject a proposed misjoined amendment like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). As discussed above, Plaintiff fails to show that the events set forth in his proposed amendment are transactionally related to the events underlying his original complaint. Therefore, allowing Plaintiff to amend to add Judge Jonker would result in the misjoinder of claims and Defendants in this action. Plaintiff's motion to amend (ECF No. 4) will, therefore, be denied.[2]

### III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

---

[2] The denial of Plaintiff's motion to amend will be without prejudice to his right to assert his proposed claims in a new lawsuit.

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Claims Against the Ingham County Sheriff's Office

As noted above, Plaintiff has named the Ingham County Sheriff's Office as a Defendant in this matter. Plaintiff, however, cannot maintain an action against that entity, as sheriff's departments are not legal entities subject to suit under § 1983. *See Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991); *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). Instead, the Sheriff's Office is simply an agency of Ingham County. *See Vine*, 884 F. Supp. at 1158.

Even if the Court assumed that Plaintiff intended to sue Ingham County, the county may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the county. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*. at 508. Plaintiff's complaint is devoid of any allegations suggesting that his alleged constitutional injury was the result of an official policy or custom employed by Ingham County or the Ingham County Sheriff's Office. Thus, the Court will dismiss any intended claims against Ingham County. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when the plaintiff's allegation of custom or policy was conclusory, and the plaintiff failed to state facts supporting the allegation).

    **B.**    **Claims Against Defendant Wrigglesworth**

It appears that Plaintiff seeks to hold Defendant Wrigglesworth, the Sheriff of Ingham County, liable for Plaintiff's alleged illegal incarceration. However, a challenge to the fact or duration of confinement must be brought as a petition for a writ of habeas corpus and is not the

9

proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee must challenge his or her pretrial detention by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Any challenges to Plaintiff's current detention will, therefore, be dismissed without prejudice to Plaintiff's right to assert such challenges via a § 2241 petition.

Moreover, to the extent Plaintiff is asking this Court to intervene in his pending state criminal proceedings, the Court must abstain from addressing Plaintiff's claims under the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's complaint suggests that his allegedly unconstitutional detention relates to his criminal case that is ongoing. Second, Plaintiff's criminal proceeding involves important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal

proceedings."). Moreover, the state court proceeding provides an adequate opportunity for Plaintiff to raise any constitutional challenges. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings or subsequent appeals, if any.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Plaintiff's complaint, however, is devoid of facts from which the Court could infer that any of these exceptions apply. Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will decline to review any of Defendant Wriggelsworth's actions that directly relate to the validity of Plaintiff's pretrial detention.[3]

---

[3] Even if the Court generously construes Plaintiff's complaint to raise a due process claim regarding the conditions of his confinement at ICJ, he fails to state such a claim. Pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Accordingly, when a pretrial detainee raises a conditions of confinement claim, the "proper inquiry" is "whether those conditions amount to punishment." *Id.*; *see also Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 569 (6th Cir. 2020). A "particular condition or restriction of pretrial detention" does not amount to "punishment" when it is "reasonably related to a legitimate governmental objective[.]" *Wolfish*, 441 U.S. at 539. Plaintiff's complaint, however, is utterly devoid of facts suggesting that he has been subjected to any unconstitutional conditions of confinement while detained at ICJ.

11

**Conclusion**

For the reasons set forth above, the Court will deny Plaintiff's motion to amend (ECF No. 4) without prejudice to Plaintiff's right to assert his proposed claims in a new lawsuit. Moreover, having conducted the review required by the PLRA, the Court determines that Plaintiff's claims against the Ingham County Sheriff's Office will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Any claims against Defendant Wriggelsworth challenging the validity of Plaintiff's present detention will be dismissed without prejudice to Plaintiff's right to assert such claims via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Finally, the Court will abstain from considering any claims seeking any other type of relief with respect to Plaintiff's pending criminal proceeding pursuant to *Younger*.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   March 4, 2024                                       /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge